**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1556
_____

UNITED STATES OF AMERICA,

v.

IKIM BLACKETT,

Appellant

_____

On Appeal from the District Court
of the Virgin Islands
(D.C. Criminal No. 3-10-cr-00028-001)
District Judge: Hon. Curtis V. Gomez

_____

Argued May 9, 2012

BEFORE: CHAGARES, JORDAN and COWEN, <u>Circuit Judges</u>

(Filed: May 29, 2012)

Leonard B. Francis, Jr., Esq. (Argued)
4A Dronningens
P.O. Box 8838
Charlotte Amalie, St. Thomas
USVI, 00801

      Counsel for Appellant

Kim R. Lindquist, Esq.
Nolan D. Paige, Esq. (Argued)
Office of the United States Attorney

5500 Veterans Building, Suite 260
United States Courthouse
Charlotte Amalie, St. Thomas
USVI, 00802-6924

Counsel for Appellee

_____

OPINION

_____

COWEN, Circuit Judge.

A jury convicted appellant of bribing a juror in violation of 18 U.S.C. § 201(b)(1)(A). On appeal, appellant argues that the court abused its discretion and committed reversible error by admitting into evidence 1) the text of a text message sent from the complaining witness, Jeannette Smith, to her sister; and 2) business records from Sprint. For the following reasons, we will affirm.

**(1)** Appellant argues that the text message is hearsay and does not fall within the "recorded recollection" exception to hearsay in Fed. R. Evid. 803(5), under which it was admitted. We need not decide whether the text message was admitted in error. Even if its admission was in error, it was harmless and must be disregarded. Fed. R. Crim. P. 52(a). The text message was cumulative of other evidence that someone visited Smith and offered her a bribe. It did not identify appellant. To the extent that the text message corroborates Smith's testimony and establishes her credibility, her testimony was corroborated, and credibility established, by other evidence. In this light, it is "'highly probable'" that the evidence "'did not contribute to the jury's judgment of conviction.'"

*United States v. Jannotti*, 729 F.2d 213, 219 (3d Cir. 1984) (quoting *Government of Virgin Islands v. Toto*, 529 F.2d 278, 284 (3d Cir. 1976)). As a result, the text message's admission, regardless of whether it was in error, cannot be a basis for reversal.

**(2)** Defendant argues that the Sprint records custodian who testified at trial was not competent to lay the foundation for the admission of the Sprint phone detail records. The records custodian testified to each of the requirements contained in Fed. R. Evid. 803(6) for the admission of business records based on his personal knowledge. As a result, there is no abuse of discretion in the admission of the business records through the records custodian who testified at trial.

For the foregoing reasons, we will affirm the judgment of the District Court entered on March 1, 2011.