**CLD-365**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2544
_____

In re:  IKIM ELIJAH BLACKETT,
Petitioner

_____

On a Petition for Writ of Mandamus from the
District Court of the Virgin Islands
(Related to D.V.I. Crim. No. 3-10-cr-00028-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 1, 2013

Before:  RENDELL, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 27, 2013 )
_____

OPINION
_____

PER CURIAM

Ikim Elijah Blackett, proceeding pro se and in forma pauperis, petitions for a writ

of mandamus compelling the District Court of the Virgin Islands to rule on his 28 U.S.C.

§ 2255 motion to vacate his sentence and his other pending motions.

Following a jury trial in July 2010, Blackett was convicted of bribing a juror in

violation of 18 U.S.C. § 201(b)(1)(A).  In February 2011, Blackett was sentenced to 36

months of imprisonment, to be followed by two years of supervised release.[1]  Blackett

appealed, and in May 2012, we affirmed the judgment and conviction.  See United States

v. Blackett, 481 F. App'x 741 (3d Cir. 2012).  On November 13, 2012, Blackett filed in

the District Court a § 2255 motion.  The Government filed a response to Blackett's

§ 2255 motion on December 14, 2012.  Blackett then filed several documents in the

District Court in February, March, and April 2013.  For example, on March 5, 2013,

Blackett filed a motion for default judgment, which the Government responded to on

March 13, 2013.  Blackett's most recent filing, on April 12, 2013, sought a ruling on his

pending motions.  There has been no activity on the District Court's docket since then.

Mandamus is a drastic remedy available in extraordinary circumstances only.  In

re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  A petitioner seeking

the writ "must have no other adequate means to obtain the desired relief, and must show

that the right to issuance is clear and indisputable."  Madden v. Meyers, 102 F.3d 74, 79

(3d Cir. 1996) superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c) (1997).

Generally, a court's management of its docket is discretionary.  In re Fine Paper Antitrust

Litig., 685 F.2d 810, 817 (3d Cir. 2005).  Due to the discretionary nature of docket

management, there is no "clear and indisputable" right to have the District Court handle a

case in a certain manner.  See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36

(1980) (quoting Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 384 (1953)) (internal

quotation marks omitted).  However, mandamus may be warranted when a District

---

[1] According to Blackett, his sentence of imprisonment will be completed on October 26, 2013.

Court's delay "is tantamount to a failure to exercise jurisdiction." <u>Madden</u>, 102 F.3d at 79.

In this case, Blackett's § 2255 motion has been ripe for adjudication since December 2012. We are confident that the District Court will rule on the § 2255 motion without undue delay. For the foregoing reasons, we will deny the petition for a writ of mandamus.